Abt v. Weyand.

*Reversed and remanded.*

## PAUL W. ABT ET AL.

### v.

### JOHN WEYAND.

*Sales.*

In an action brought to recover for certain brick sold, there being a contention as to the price thereof, this court declines, in view of the evidence, to interfere with the judgment for the defendant.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Messrs. TURNER & HOLDER, for appellants.

Messrs. ALEXANDER FLANNIGEN and E. R. DAVIS, for appellee.

SAMPLE, J. The appellants brought this suit to recover the value of some fire brick which had been used to build coke ovens, in an endeavor, under a patent process, to make

coke out of coal slack. The process was a failure and the fire brick were put on the market for sale. The appellants also had some second-hand red bricks for sale at the same place at $4 per thousand. One Voss was in charge of the business of the sale of the brick, and had advertised that persons desiring to purchase brick should go to Paul W. Abt, or come and see him at the works. The appellee wanted some brick and saw Mr. Abt in regard to it, who referred him to Lorington, one of the partners, who gave appellee an order on Voss for what brick was wanted; the order did not specify the price. The appellee obtained thirty-three loads of fire brick and twelve hundred second-hand red brick. For the latter, appellee paid at the rate of $4 per thousand. The point of dispute is as to the price of the fire brick, the appellant contending that it was agreed that they should be paid for at the same price as the red brick, but as they were irregular in shape and size, that the amount should be determined by measurement in the wall, which made, in space, what would be equal to fifty thousand brick. The appellee contends that he was to pay for the fire brick by the load at the price of seventy-five cents per load, which amount he had paid before this suit was begun. The case was submitted to a jury which found for the appellee. The only error that is assigned is, that the verdict and judgment is clearly against the weight of the evidence. There is a sharp conflict in the evidence in this case. However, there is no dispute but that Lorington gave the appellee a written order for brick which was delivered by him to the manager, Voss; that written order is not produced, and the evidence does not definitely disclose whether it was for fire brick or second-hand red brick. It is clear, however, that it fixed no price to be paid for the brick to be obtained under it; Lorington, who was alone with Weyand, claims that he told him that the fire brick must be paid for at the rate of $4 per thousand on wall measurement. Weyand denies this statement, and says that at that time he did not know anything about the fire brick, but his order was for second-hand brick for which he was willing to pay at the rate of $4 per thousand. It is clearly proven that he did purchase red brick and paid for

them at that rate. It is also proven that when Voss, who was in charge of the sales, wanted Weyand to pay for fire brick at the same rate as for the red brick on wall measurement, that he objected, stating that he wanted to pay for them as he got them, and that in the talk between Voss and Weyand the price fixed per load for the fire brick by Voss was seventy-five cents per load. After Weyand had hauled some eighteen or twenty loads of fire brick, Lorington told Voss not to let him have any more in that way without he would consent to pay for them as wall measurement, but that if Weyand came there with a wagon to haul more, not to send him away empty. When Weyand came, Voss told him of the instructions received, but still Weyand refused to take the fire brick in that way, and he was permitted to take another load with the arrangement that he would, in the meantime, see Abt in regard to the matter of price. This he claims to have done, and that he was told to go on and haul the brick, which he did, until thirty-three loads were taken away, for which, on the written statement of Voss as to the amount, he paid Abt in full at the rate of seventy-five cents per load; Abt denies that he had any such conversation with Weyand. Voss testified that the price of the red brick was fixed by the firm, but that he fixed the price for the fire brick, and had sold them to other parties at a price fixed by him. The plaintiff testified that Voss had no authority to fix the price for the brick, but does not deny directly that he did have authority to fix the price for the tiling or fire brick. The fact that the tiling or fire brick were of irregular shape and of various sizes so that they could not be sold by the thousand, is corroborative of Voss' statement that he had authority to fix the price by the wagon load. If, in this case, it is conceded that he was instructed to only sell the fire brick by the thousand by wall measurement, then it became a question of fact whether or not he did not have that express authority. If Weyand told the truth he did have that authority. It was for the jury to determine the facts. In view of all the evidence and circumstances that surround the case, we do not feel authorized to say that the judgment is unsupported or vicious. Judgment is affirmed.

*Judgment affirmed.*